# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SERGIO MASSEY, <br> #301670, <br>　　　　　　　　　　Petitioner, <br> v. <br> JON OZMINT, Director Dept. Of Corrections; and TIM RILEY, Interim Warden of Perry Correctional Institution, <br>　　　　　　　　　　Respondents. | CIVIL ACTION NO. 9:08-2666-SB-BM <br><br> **REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on July 23, 2008.[1]

The Respondents filed a return and motion for summary judgment on October 6, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 8, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On November 12, 2008, Petitioner filed a memorandum in opposition to summary judgment, followed by an affidavit filed November 13, 2008. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



## Procedural History

Petitioner was indicted in July 2003 in Laurens County for Criminal Sexual Conduct with a Minor and Committing or Attempting a Lewd Act upon a Child under Sixteen Years of Age [Indictment No. 03-GS-30-530]. (R.pp. 74-75). Petitioner was represented by Claude Howe, and on April 27, 2004, pled guilty to Criminal Sexual Conduct with a Minor. (R.pp. 1-13). The trial judge sentenced Petitioner to a term of imprisonment for twenty (20) years. (R.p. 12). Petitioner did not appeal his conviction and/or his sentence.

On March 18, 2005, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Massey v. State of South Carolina, No. 05-CP-30-221; (R.pp. 14-19); following which he filed an amended application on April 17, 2005. (R.pp. 20-25). Petitioner raised the following issue in his APCR:

   Ineffective Assistance of Trial Counsel and Denial of Due Process of Law.

(R.p. 22).

Petitioner was represented in his APCR by Hattie Darlene Evans Boyce, and an evidentiary hearing was held on Petitioner's application on August 16, 2006. (R.pp. 31-63). On November 21, 2006, the PCR judge entered an order denying Petitioner's PCR claims. (R.pp. 64-71).

Petitioner's PCR counsel filed a notice of appeal on behalf of the Petitioner[3]; see Respondents' Exhibit Two; and he was thereafter represented on appeal by Lanelle C. Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed an Johnson[4]

---

[3]Petitioner filed a pro se motion to remand. See Respondents' Exhibit Four. However, since Petitioner was represented by counsel, he was notified by the Clerk of the South Carolina Supreme Court that no action would be taken on his pro se motion. See Respondents' Exhibit Five.

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738,
(continued...)



2

brief seeking to be relieved and raising the following issue:

> Did the PCR Court err in failing to find counsel ineffective for not having applicant undergo a complete mental health evaluation?

See Respondents' Exhibit Six, p. 2.

Petitioner also filed a pro se response. See Respondents' Exhibit Seven.

On May 29, 2008, the South Carolina Court of Appeals granted counsel's request to be relieved and denied the petition. See Respondents' Exhibit Nine. The Remittitur was issued on June 16, 2008. See Respondents' Exhibit Ten.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following ground:

> **Ground One:** My 6th and 14th Amendment rights to competent counsel was denied, rendering my custody unlawful, and in violation of the U.S. Constitution.
>
> My attorney meet with me only twice prior to my guilty plea, for approximately 30 minutes each session. My attorney did not ask to review my mental health records, and did not ask to speak with any witnesses, who would have testified on my behalf that I was developmentally slow, and that I had a below normal I.Q. My attorney did not discuss my case with my mother, who would have explained to my attorney all the mental problems I had earlier in my life, and my attorney should have asked for a mental evaluation and told the judge about my condition.

See Petition, p. 6.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

$^{4}$(...continued)
744 (1967).

3



the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Petitioner contends that his counsel was ineffective for failing to further investigate his mental condition, to seek a mental evaluation and to present evidence to the trial judge about his condition. This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Massey v. South Carolina, No. 05-CP-30-221. Specifically, the PCR judge found that : 1) trial counsel met with the Petitioner and thoroughly discussed the charges, the potential penalties, the constitutional rights he would be giving up by pleading guilty, and the pros and cons of entering a plea as opposed to proceeding with a trial; 2) trial counsel's testimony was more credible than that of the Petitioner and Petitioner's mother; 3) trial counsel did discuss with the Petitioner and his mother the Petitioner's educational level and immaturity problems; 4) trial counsel's conclusion that, while the Petitioner was below the expected grade level for his age, he did understand the nature and seriousness of the charges and could competently enter the plea was reasonable; 5) Petitioner never denied that he committed the offense; 6) in fact, Petitioner admitted his guilt on the record; 7) trial counsel's performance was well within that expected of criminal defense attorneys; 8) counsel attempted to



4

negotiate with the Solicitor, but was unable to obtain any concession other than the dismissal of the lewd act charge; 9) trial counsel was disappointed with the sentence, but this did not render his performance ineffective; 10) trial counsel discussed the options and the potential sentences with the Petitioner and Petitioner made the decision to enter the plea based on competent advice; 11) Petitioner failed to carry his burden of proof to show that trial counsel's representation fell below reasonable professional norms or that he was prejudiced by the alleged deficient representation; 12) trial counsel rendered reasonably effective assistance under prevailing professional norms and demonstrated a normal degree of skill, knowledge, and professional judgment that is expected of an attorney in a criminal case; and 13) Petitioner did not carry his burden to show a reasonable probability that the result at trial would have been different had trial counsel done what the Petitioner alleges he should or should not have done.  (R.pp. 69-70).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

5



issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a

6



Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.   Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  At Petitioner's guilty plea, Petitioner's counsel affirmed to the judge that the Petitioner understood the ramifications of the classification for the offense (as a violent one), the charge to which he was pleading, and the maximum possible sentence.  (R.p. 3).  Petitioner then confirmed that he understood the charge and possible sentence, and testified that he wanted to plead guilty, that it was his decision, that he was pleading of his own free will, and that he understood that it was a straight up plea, which meant that the State would not be making any kind of recommendation and it was not a negotiated plea. (R.p. 4).  Petitioner also testified that no one had made any promises or threatened him in order to get him to plead guilty, and that no one had told him what sentence he was going to receive.  (R.pp. 4-5).  Petitioner then testified that he had had enough time to discuss matters with his attorney, he had told his counsel everything that he knew about the situation so that his counsel could investigate and prepare to defend him, that there was nothing that he had asked his counsel to do which he had failed to do, and that he was satisfied with his counsel. (R.p. 5).

After the judge explained the rights that Petitioner was giving up by pleading guilty, Petitioner affirmed that he understood and testified that he was not at that time, nor had he ever been, treated for any kind of mental health problems. (R.pp. 5-8). In mitigation, Petitioner's counsel then argued to the trial court that Petitioner had had some learning problems in school and didn't use good judgment, and also pointed out that although there was a ten (10) year age difference between the

7



Petitioner and the victim, there was not that big of a gap "maturity wise". After making additional arguments, counsel asked the Court to consider the Petitioner's age and maturity in issuing a sentence. (R.pp. 10-11). Following this presentation, the Court asked Petitioner's family member who was present [apparently Petitioner's mother] if she had anything to say, and she responded "[n]o, sir." (R.p. 12).

Petitioner's counsel testified at the PCR hearing that he met with both the Petitioner and his mother to discuss the case and Petitioner's options. Petitioner's mother confirmed at the PCR hearing that she had met with Petitioner's counsel, and conceded that she did not discuss any alleged mental disabilities with counsel, nor did she know if counsel was aware that Petitioner had learning disabilities. (R.pp. 37-38, 54). Gloria Callahan, Petitioner's case manager and resource teacher at Laurens District High School, testified at the PCR hearing that Petitioner was significantly below his grade level in reading, writing and comprehension, while Lewis Ashley, who works for SCDC in the Division of Behavioral Medicine, testified that Petitioner is clearly developmentally retarded and his IQ is in the low, probably below normal range, but that he does not suffer from any mental illness. (R.pp. 44-45).

Counsel testified that he was unfortunately not able to negotiate or plead the case down because the Solicitor's office took a hard line on this case. (R.pp. 54-55). Counsel also testified that he asked Petitioner if he ever had been treated for any kind of mental health or emotional problems or anything like that, and that although there was a question about Petitioner's maturity level, he "didn't feel like there was any question that he could understand me and I could understand him." (R.p. 55). Counsel also testified that he did not believe there was any question about Petitioner's competency to stand trial, and if there had been any question about Petitioner's ability to understand or his competency to stand trial, he would have had him evaluated. (R.pp. 57-

8



58).

The PCR court found that trial counsel's testimony more credible than the testimony of the Petitioner and his mother, who argued that Petitioner did not fully understand what was going on. The record also shows that counsel did inform the trial court of Petitioner's mental immaturity when arguing mitigation in sentencing. Based upon a review of the record, the undersigned does not find trial counsel's performance deficient for failing to adequately meet with the Petitioner and discuss his case, make any further investigation into Petitioner's mental capacity, or make additional arguments to the trial judge based upon Petitioner's mental capacity. Petitioner has not presented any evidence to support his claim that he was incompetent to understand the proceeding or mentally ill. Hence, there is no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to the adequacy of counsel's investigation and presentation of this issue to the trial court. Evans, 220 F.3d at 312.

Further, the United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case.



9

See discussion, supra.

In addition, Respondents' correctly note that, since Petitioner was found competent to enter his plea, his alleged diminished mental state was not a defense to the charge he faced. See State v. Gardner, 64 S.E.2d 130, 135 (S.C. 1951)["Subnormal mentality is not a defense to crime unless the accused is by reason thereof unable to distinguish between right and wrong with respect to the particular act in question"]; see also State v. Santiago, 634 S.E.2d 23, 28 (S.C.Ct.App. 2006)[South Carolina does not recognize the diminished capacity defense]; Gill v. State, 552 S.E.2d 26, 32 (S.C. 2001)[Diminished capacity doctrine not recognized in South Carolina]. Therefore, Petitioner has failed to show that the PCR court's finding that counsel's actions did not prejudice him was unreasonable. Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996)["[I]f there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial."]

Finally, Petitioner has also failed to show that, even if his counsel had further investigated his mental condition, had obtained a mental evaluation, and further argued Petitioner's mental condition to the trial judge, he would not have proceeded with the guilty plea or that his sentence would have been different. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be



dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 10, 2009

Charleston, SC



11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

