IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sergio Massey, # 301670, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 9:08-2666-SB |
| | ) | |
| Jon Ozmint, Director Dept. of | ) | |
| Corrections; and Tim Riley, | ) | **ORDER** |
| Interim Warden of Perry | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |



This matter is before the Court upon Sergio Massey's <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1). In the R&R, the Magistrate Judge recommends that the Court grant the Respondents' motion for summary judgment.

## BACKGROUND

The Petitioner is incarcerated at the Perry Correctional Institution pursuant to commitment orders from the Laurens County Clerk of Court. In July of 2003, the Laurens County Grand Jury indicted the Petitioner with criminal sexual conduct with a minor and committing or attempting a lewd act upon a child under sixteen years of age (Indictment No. 03-GS-30-530). Attorney Claude Howe represented the Petitioner, and on April 27, 2004, the Petitioner pleaded guilty to criminal sexual conduct with a minor and was sentenced to twenty years of imprisonment. The Petitioner did not file a direct appeal.

On March 18, 2005, the Petitioner filed a <u>pro se</u> application for post-conviction relief

("PCR"). He filed an amended application in April of 2005, wherein he raised the following issue: "Ineffective Assistance of Counsel and Denial of Due Process of Law." Massey v. South Carolina, No. 05-CP-30-221.

Attorney Hattie E. Boyce represented the Petitioner at an evidentiary hearing held on August 16, 2006. The Petitioner appeared at the hearing and testified. In addition, the Petitioner's mother, his former teacher, and a behavioral medicine employee of the South Carolina Department of Corrections appeared on behalf of the Petitioner. The State presented the testimony of the Petitioner's trial counsel.

On November 21, 2006, the PCR judge entered an order denying the Petitioner's application. In the order, the PCR judge addressed the Petitioner's claim that his counsel was ineffective for failing to adequately discuss the charges, the potential penalties, his constitutional rights, and the pros and cons of entering a plea as opposed to proceeding to trial. The PCR judge found the Petitioner's trial counsel's testimony more credible than the Petitioner's testimony or his mother's.

Attorney Boyce timely appealed the PCR judge's decision, and thereafter, attorney Lanelle C. Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, represented the Petitioner. Durant filed a petition for a writ of certiorari and a petition to be relieved as counsel pursuant to Johnson v. State, 364 S.E.2d 201 (S.C. 1998). Durant's petition raised the following issue: "Did the PCR Court err in failing to find counsel ineffective for not having applicant undergo a complete mental health evaluation?" The Petitioner also filed a pro se response alleging ineffective assistance of counsel. On May 29, 2008, the South Carolina Court of Appeals granted counsel's request to be relieved and denied the petition. The Remittur was issued on June 16, 2008.

On July 31, 2008, the Petitioner filed the instant § 2254 petition, wherein he alleges the following, taken verbatim from his petition:

> **GROUND ONE:** My 6th and 14th Amendment rights to competent counsel was denied, rendering my custody unlawful, and in violation of the U.S. Constitution.
>
> My attorney meet with me only twice prior to my guilty plea, for approximately 30 minutes each session. My attorney did not ask to review my mental health records, and did not speak with any witnesses, who would have testified on my behalf that I was developmentally slow, and that I had a below normal I.Q. My attorney did not discuss my case with my mother, who would have explained to my attorney all the mental problems I had earlier in my life, and my attorney should have asked for a mental evaluation and told the judge about my condition.

(Entry 1 at 5.)

On October 6, 2008, the Respondents filed a motion for summary judgment, to which the Petitioner filed a response. Subsequently, the Magistrate Judge issued an R&R recommending that the Court grant the Respondents' motion for summary judgment. When the Petitioner failed to file objections to the R&R, the Court adopted the R&R and granted the Respondents' motion for summary judgment. Following the Court's granting of summary judgment, however, the Petitioner filed a motion to reconsider asserting that he never received a copy of the R&R. The Court granted the Petitioner's motion to reconsider, reopened the case, and gave the Petitioner another opportunity to file objections to the R&R. The Petitioner filed objections, and the matter is now ripe for review.

## STANDARD OF REVIEW

**I.    Legal Standard for Summary Judgment**

To grant a motion for summary judgment, this Court must find that "there is no

3

genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.     The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

## I.     Habeas Corpus Relief

With respect to those claims that have been adjudicated on the merits by the state court, habeas relief is warranted only if the Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application"

clauses have independent meaning. Id. at 404-05. A federal habeas corpus court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set for in controlling cases, or if it decides a case different than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.    Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice in the context of a guilty plea and thereby fulfill the

5

second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 58. This determination is an objective one based on whether going to trial might reasonably have resulted in a different outcome. Id. at 59-60.

**III    The Magistrate Judge's Analysis and the Petitioner's Objections**

Here, the Magistrate Judge extensively reviewed the record and determined that the state court's adjudication of the Petitioner's ineffective assistance of counsel claim did not result in a decision that was "contrary to" or that involved "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). Specifically, the Magistrate Judge determined that the state court accurately applied Strickland's two-prong test, and the Magistrate Judge agreed with the state court that the Petitioner failed to satisfy the test.



In his objections, the Petitioner objects to the Respondents' claims (made in their motion for summary judgment) and asserts that prejudice (the second prong of the Strickland test) should be presumed because his counsel failed to subject the case to a meaningful adversarial testing. Specifically, the Petitioner asserts: (1) that counsel "right-out said the Attorney General took a hard line" on the case; (2) that his counsel "presented no adaptability evidence at the sentencing hearing"; (3) that counsel presented no mitigating social history evidence to explain his odd childhood behavior. (Entry 35 at 7.)

After review, the Court agrees with the Magistrate Judge that the Petitioner has failed to show that the state court adjudication of his ineffective assistance of counsel claim "resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). As the Magistrate Judge noted,

the Petitioner confirmed during the guilty plea colloquy, among other things: that he understood the charges he faced and his possible sentence; that he wanted to plead guilty and that it was his decision to do so; that he understood that it was a "straight up" plea and not a negotiated plea; that he had enough time to discuss matters with his attorney; and that he had not asked his counsel to do anything that counsel failed to do. In addition, the Petitioner's counsel, by way of mitigation, argued that the Petitioner had some learning problems in school and failed to use good judgment, and counsel also pointed out that there was only a ten-year age difference between the Petitioner and the victim but that there was not a large gap "maturity wise." Counsel specifically asked the court to consider the Petitioner's age and maturity in sentencing. Also, when the court asked the Petitioner's mother if she had anything to add, she responded, "[n]o sir."

Next, at the PCR hearing, the Petitioner's counsel testified that he met with the Petitioner and his mother to discuss the case. The Petitioner's mother confirmed at the hearing that she did not discuss with counsel any alleged mental disabilities. Counsel testified that he asked the Petitioner whether he had been treated for any kind of mental health or emotional problems, and that although he questioned the Petitioner's maturity, he never felt that the Petitioner was not competent to stand trial or that the Petitioner was not able to understand him. Counsel also testified that he could not negotiate or plead the case down because the Solicitor's office took a hard line on the case. The PCR court found counsel's testimony more credible than the testimony of the Petitioner and his mother, and ultimately, the PCR court found that the Petitioner failed to demonstrate that his counsel's performance was deficient or that it prejudiced him.

Here, the Court finds that the Petitioner has failed to show clear and convincing

evidence to rebut the state court's determination of factual issues, and furthermore, the Court agrees with the Magistrate Judge that the Petitioner has failed to show that the state court's denial of his ineffective assistance of counsel claim was contrary to or involved an unreasonable application of clearly established federal law. Therefore, based on the foregoing, it is

ORDERED that the Petitioner's objections (Entry 35) are overruled; the R&R (Entry 22) is adopted and incorporated; and the Respondents' motion for summary judgment (Entry 15) is granted.

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

December ___, 20___
Charleston, South Carolina